## Cruzan, Appellant, *v.* Cruzan.

*Practice, Supreme Court—Equity—Findings of fact—Appeals.*

1. The findings of fact of a judge which involve the credibility of witnesses and the weight to be given their testimony will be given the effect of a verdict of a jury by the Supreme Court, where there is testimony to support them. Nothing but clear error will warrant the setting aside of findings of fact by a chancellor.

2. Where in a suit in equity for the dissolution of a partnership, the appointment of a receiver and for an accounting, a finding of the trial judge that the alleged partnership did not exist is sufficiently supported by testimony, a decree dismissing the bill will be affirmed.

Argued Oct. 20, 1913. Appeal, No. 180, Oct. T., 1912, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1910, No. 1022, dismissing bill in equity for the dissolution of a partnership, in case of Samuel Cruzan v. Elmer E. Cruzan, Lou Stiltz, Mary B. Stewart and Haven V. Wolf, Guardian Ad Litem of Lindle Olive Cruzan and Jean Cruzan, heirs at law of Gertrude M. Cruzan. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for the dissolution of a partnership, for the appointment of a receiver and for an accounting. Before FRAZER, P. J.

The opinion of the Supreme Court states the facts.

Exceptions to the findings of fact and law of the trial

judge were dismissed by the court and a decree was entered dismissing the bill. Plaintiff appealed.

*Errors assigned,* among others, was the decree of the court.

*William Strite McDowell,* with him *Patterson, Sterrett & Acheson,* for appellant.

*C. L. Kerr,* for appellee.

PER CURIAM, January 5, 1914:

The bill in this case was to have a partnership, alleged to exist between the plaintiff and one of the defendants, dissolved and a receiver appointed to wind up its affairs and for an accounting. The case was considered with care by the learned judge of the Common Pleas and the bill was dismissed on his finding that a partnership did not exist. Our examination of the testimony leaves no doubt of the correctness of the conclusion reached. But if a doubt existed it would not be ground for a reversal of the decree. Nothing but clear error will warrant the setting aside of findings of fact by a chancellor. What was said in the recent case of Eppsteiner v. Isman, 239 Pa. 393: "The findings of fact by a judge, which involve the credibility of witnesses and the weight to be given their testimony, will be given the effect of a verdict of a jury and they will not be disturbed where there is testimony to support them" was a repetition of what before had been repeatedly said on the same subject.

The decree is affirmed at the cost of the appellant.