## Shimer, Appellant, *v.* Aldine Trust Co. et al.

*Equity—Findings of fact—Review.*

The findings of fact by a chancellor, which involve the credibility of witnesses and the weight to be given their testimony, will

be given the effect of a verdict of a jury, and they will not be disturbed, on appeal, where there is testimony to support them. Even if a doubt existed, it would not be ground for reversal.

Argued March 26, 1919. Appeal, No. 302, Jan. T., 1919, by plaintiff, from decree of C. P. No. 4, Philadelphia Co., March T., 1917, No. 5281, dismissing bill in equity in case of J. N. M. Shimer v. Aldine Trust Company and Webster King Wetherill. Before MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for retransfer of stock and for an accounting. Before AUDENRIED, P. J.

The court entered a decree dismissing the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*J. S. Freeman,* with him *V. Gilpin Robinson,* for appellant.

*Charles F. DaCosta,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, April 21, 1919:

J. N. M. Shimer pledged certain stock of the Crucible Steel Castings Company and the Pennsylvania Wire Glass Company to the Aldine Trust Company, as collateral for a loan; subsequently this collateral was bought in by the trust company, who sold part of it to W. K. Wetherill. Shimer filed a bill in equity against the trust company and Wetherill, praying that they be ordered to retransfer to him so much of this stock as was then in their possession, and to account for such parts thereof as had been sold by them, together with dividends. After hearing, the bill was dismissed and plaintiff has appealed.

Elizabeth C. Shimer, wife of J. N. M. Shimer, who intervened as a plaintiff, has not joined in this appeal.

A party by the name of Cunningham was originally included as defendant; but appellant states, in his paperbook, he is not "pressing any claim against Cunningham"; further, that "no claim is now made to recover any portion of the Crucible Steel Castings Co.'s stock."

The chancellor found, inter alia, that the notes accompanying the collateral empowered the holders thereof, "for purposes of liquidation," without demand or notice, to dispose of such collateral, either by public or private sale, "with a right on the part of such holders to become the purchaser and absolute owner thereof"; that, plaintiff being in default, all the stock pledged as collateral was, after demand and notice, offered at public vendue by well-known auctioneers in the City of Philadelphia, and, for want of other purchasers, the trust company bought in the Wire Glass Company stock for a sum sufficient to pay the balance of plaintiff's debt, interest and costs; that, after selling all the stock which could be disposed of to others, for the figure which it had brought at the beforementioned public auction, defendant Wetherill, who is the president of the trust company, took 74 shares thereof in his own name, at the same price; finally, that every step in the matter of the sale of this stock was in strict accord with law and the contract between the parties, and "there was no conspiracy . . . . . unlawfully to deprive Mr. Shimer of his 120 shares in the stock of the Pennsylvania Wire Glass Co."

Plaintiff contended in the court below that, notwithstanding the terms of his notes, there had been a supplemental contract between defendants and himself, whereby the trust company had agreed not to sell any of the pledged stock, so long as there was no depreciation in the value thereof and interest on the loan was kept paid up; but, unfortunately for plaintiff, the chancellor made a distinct finding that no such contract was ever entered into or existed. At argument before us, plaintiff strenuously contended that this, as well as other findings of fact against him, were not "justified by the evidence" and

earnestly urged that the testimony be read in full, which we have done with the utmost care.

Our examination of the record as a whole, including the evidence, does not lead to any doubt concerning the correctness of the chancellor's findings; but, as recently said in Cruzan v. Cruzan, 243 Pa. 165, 166, "If a doubt existed, it would not be ground for reversal......; nothing but clear error will warrant the setting aside of findings of fact by a chancellor......The findings of fact by a judge, which involve the credibility of witnesses and the weight to be given their testimony, will be given the effect of a verdict of a jury, and they will not be disturbed where there is testimony to support them."

Appellant, in his paper-book, admits, "if the findings of fact by the trial judge are correct, his conclusions of law follow as a matter of course." Since we have already decided the findings will not be disturbed, nothing more need be said.

The assignments of error are overruled and the decree is affirmed; appellant to pay the costs.