# Kirk, Appellant, *v.* Kirker et al.

*Equity—Findings of fact—Evidence—Appeals.*

1. Findings of fact by a chancellor have the weight of a verdict of a jury and will not be disturbed on appeal, if there is evidence to support them.

2. This rule is applicable to a finding that a purchaser at a sheriff's sale did not buy the property for the defendant in the execution.

*Trusts and trustees—Trustee ex maleficio—Purchase at sheriff's sale—Statements subsequent to sale—Promises made before sale.*

3. Where plaintiff in an equity suit claims that property of his sold at a sheriff's sale, had been bought for him by defendant, evidence of what was said subsequent to the sale cannot have the effect of creating a trust in the property in his favor.

4. In this case, evidence tending to show a previous promise was held too vague and uncertain to form the basis of a decree in plaintiff's favor.

Argued February 28, 1921. Appeal, No. 387, Jan. T., 1921, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1919, No. 328, dismissing bill in equity, in case of Lewis Kirk v. William O. Kirker, Bessie Kirker, his wife, and Harry S. Ransley, sheriff of Phila. Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity to declare trust ex maleficio in real estate. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Error assigned*, among others, was decree, quoting it.

*Joseph W. Shannon*, for appellant.—Where one having an interest in land, confiding in the verbal promise of another that he will purchase it at a judicial sale for the benefit of the former or of some third person in whom

he has an interest, but allows the promisee to acquire the land at such sale, a subsequent denial of the promise and a refusal to carry it into execution is such a fraud as will convert the purchaser into a trustee ex maleficio: Kennedy v. McCleskey, 170 Pa. 354; Cowperthwaite v. Bank, 102 Pa. 397; Wolford v. Herrington, 86 Pa. 39; Beegle v. Wentz, 55 Pa. 369; Cook v. Cook, 69 Pa. 443; Gaines v. Brockerhoff, 136 Pa. 175; Casciola v. Donatelli, 218 Pa. 624; McDonald v. McAndrew, 40 Pa. Superior Ct. 146; Hatcher v. Hatcher, 264 Pa. 105; Hoover v. Strohm, 44 Pa. Superior Ct. 177; Tetlow v. Rust, 227 Pa. 292.

*Evan B. Lewis,* for appellees.—Since appellant was defendant in the execution under which the real estate in question was sold, in order to establish a trust, the burden was upon him, appellant, to show that the purchase price was paid in whole or in part by his money: Barnet v. Dougherty, 32 Pa. 371; Wolford v. Herrington, 86 Pa. 39; Lancaster Trust Co. v. Long, 220 Pa. 499; Storey v. Lonabaugh, 247 Pa. 331.

OPINION BY MR. JUSTICE FRAZER, April 11, 1921:

Plaintiff owned two adjoining houses, Nos. 5432 and 5434 Haverford Street, Philadelphia, subject to mortgages which were foreclosed for nonpayment of interest. Kirker, a relative of plaintiff, seeing notices of a sheriff's sale of the premises, visited the home of plaintiff and proposed to take over the mortgages if assignments could be procured. His efforts in this respect, however, were unsuccessful. Subsequently, on the day of the sheriff's sale, the parties met in the office of Evan B. Lewis, Esq., Kirker's attorney, and discussed the matter of bidding on the properties. Plaintiff claims an understanding was reached by which Kirker would buy in the premises for him and that Lewis should do the bidding. Lewis became the purchaser of both properties and subsequently assigned his bid for No. 5432 to a nominee of plaintiff.

No. 5434 was, with the consent of plaintiff, as he concedes, conveyed to Kirker's wife, the purchase money being furnished by Kirker. Plaintiff contends this arrangement was merely temporary and that the property, No. 5434, was purchased on his behalf pursuant to an oral agreement with Kirker and that, owing to promises made by Kirker in regard to the future disposition of the premises, he refrained from bidding. A decree directing a conveyance of the premises to plaintiff by the sheriff on payment of the purchase money was prayed for. The court below dismissed the bill and plaintiff appealed.

The chancellor found, inter alia, that no agreement, arrangement or understanding with reference to either of the properties existed between the parties previous to the sale; that no promise was made by Kirker to become the purchaser for Kirk; that no suggestion was made that the latter refrain from bidding and that nothing was either said or done to mislead Kirk in any manner. While plaintiff was probably misled by expecting that in some way his property would be saved to him, he made no effort to ascertain Kirker's intention, but stood by and saw his property sold without having definite knowledge of the future disposition to be made of it. The familiar rule that findings of a chancellor have the weight of a verdict of a jury and will not be disturbed on appeal, if there is evidence to support them, is applicable here: Cruzan v. Cruzan, 243 Pa. 165; Shimer v. Aldine Trust Co., 264 Pa. 444.

An examination of the record shows ample evidence to support the findings of the court below and to justify its legal conclusions. Nowhere in the record is there to be found an agreement by Kirker to become the purchaser of the property for plaintiff. The original plan to take over the mortgages was rendered impossible by reason of the refusal of the mortgagee to make assignments. Kirker paid the advance money for both properties through Lewis, who was acting as his attorney. Plaintiff admits the final bid on the property in question

was made by Lewis at the instance of Kirker and states that he then asked the latter if the bid was his (Kirker's) and, receiving an affirmative answer, replied: "There's no use me bidding against you when you are bidding for me," to which Kirker made no reply except to repeat that it was his (Kirker's) bid. The fact that Kirker subsequently agreed that No. 5432 should be assigned to plaintiff's nominee, and that plaintiff was charged a fee by Lewis for services for attending to the transfer, does not alter the situation, especially in view of the explanation of Lewis to the effect that he acted on behalf of Kirker in bidding at the sale and that when one of the properties was assigned to plaintiff he considered himself entitled to a fee from the latter for services rendered him in connection with the matter. Furthermore, nothing said subsequent to the sale could have the effect of creating a trust in the property: McCloskey v. McCloskey, 205 Pa. 491. The evidence tending to show a previous promise is too vague and uncertain to form the basis of a decree in plaintiff's favor.

The decree of the court below is affirmed at appellant's costs.