# McIlvaine *v.* Powers et ux., Appellants.

*Appeals—Statement of question involved.*

1. Matters not specified in or suggested by the statement of questions involved, will not be considered by this court.

*Road law—Alley—Prescriptive right.*

2. One who was neither the owner, tenant nor occupant of a property to which it is alleged the right to use an alley is appurtenant, cannot by using it give a prescriptive right to the owner of the property or his successor in title.

*Equity—Findings of fact—Review.*

3. If the credibility of witnesses or the weight to be given their testimony is involved, findings of fact, by the trial judge who saw them, will not be disturbed on appeal, if there was testimony to support the findings.

Argued March 28, 1921. Appeal, No. 417, Jan. T., 1921, by defendants, from decree of C. P. No. 3, Phila. Co., July T., 1920, No. 4388, in favor of plaintiff, on bill in equity, in case of Harry McIlvaine v. James J. Powers et ux. Before FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Bill in equity for injunction. Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree in accordance with the prayers of the bill. Defendants appealed.

*Error assigned,* among others, was decree, quoting it.

*Francis V. Godfrey,* with him *William J. Wilson,* for appellant, cited: Garrett v. Jackson, 20 Pa. 331; Jones v. Crow, 32 Pa. 398; Bennett v. Biddle, 140 Pa. 396.

*Owen J. Roberts,* with him *George G. Chandler,* for appellee, cited: Bennett v. Biddle, 140 Pa. 396; Fidler v. Rehmeyer, 34 Pa. Superior Ct. 275; O'Boyle v. Kelly, 249 Pa. 13; Johns v. Johns, 244 Pa. 48; Cannon v. Jackson, 252 Pa. 257; Reap v. Dougher, 261 Pa. 23.

OPINION BY MR. JUSTICE SIMPSON, April 18, 1921:

Plaintiff filed a bill in equity averring he was the owner in fee of the bed of an alley, which defendants, his next door neighbors, wrongfully claimed they had the right to use, and, in the exercise of this alleged right, had broken down the fence between it and their property, had ejected plaintiff from the alley when he protested against their use of it, and proposed to continue its use

unless enjoined from so doing; defendants admitted the facts and claimed a right to use the alley; a decree was entered in favor of plaintiff, and defendants prosecute this appeal.

Among the findings of fact by the trial judge, sustained by the court below, are the following: The houses on the two properties were erected at the same time and the common ownership thereof continued until April 23, 1868, when they were conveyed to different persons, one of whom was plaintiff's predecessor in title, and the other defendants'; the alley is entirely upon plaintiff's property; it is not referred to in any of the deeds in the chain of title of either party, though in all of them is the general grant of "alleys," there being another in the rear of and used by both properties; "prior to the year 1877 there is no evidence as to either permission to use or objection to the same;......between the years 1877 and 1904 there is no evidence of express permission, but ......the use of the alley by the tenants of [defendants' property] was permissive, and at any rate it was not adverse, and hostile"; "from that time on......express permission was given to the tenants of [defendant's property] to use the alley," so far as it was used by them, though at times they were wholly excluded therefrom by plaintiff and his predecessors in title fastening the gate leading into defendant's property; "there had not been any open, notorious and adverse use of the aforesaid covered alley, or any denial of any rights therein of the plaintiff or his predecessors in title by the defendants or their predecessors in title and their tenants, for any period of twenty-one consecutive years prior to the filing of the bill in this case," and "at no time was the use adverse or hostile and it was not continuous."

Some of these findings are assigned as error, but, in the statement of the question involved, appellants limit themselves to the claim that their predecessors in title had "the free and uninterrupted use of [the] alley for

twenty-seven years," from 1877 to 1904, and, since this limitation is binding upon them here (Phila. v. Ray, 266 Pa. 345; New York & Penna. Co. v. New York Central R. R. Co., 267 Pa. 64), it is not necessary to consider separately the thirty-one assignments of error.

Restricting ourselves, therefore, to the period between 1877 and 1904, we find but three witnesses testified regarding the use of the alley during that period. One of them said that, from 1877, when he was twelve years old, he used the alley during six or seven years to visit his playmates in each property, and that the alley gates opening therefrom were never closed. He does not say how often he used the alley, or whether by permission or otherwise; and since neither he nor his parents owned or lived in either house, his testimony is of little value in solving the question at issue. Another, who was a daughter of a former owner of plaintiff's property, and moved thereon about 1879, when she was two years old, and left when she was twenty-one, says she never saw nor heard of the gate into defendants' property being nailed up; that she went "quite often" from her father's yard to that now owned by defendants, and we "never had any question with any of our neighbors. We were always friendly"; but she could not tell how old she was when she first remembered the gate, could not say it was there in 1884, or whether it was opened at that time simply as a friendly act for their then neighbors. Nor does she tell of any user by defendants or their predecessors in title or by any one other than herself, and she, as a daughter of the owner of the alley, had a right to use it. The third was the mother of the last witness. She says the gate into defendants' property was already there in 1877 when she and her family moved into plaintiff's property, and it continued there during the succeeding thirty years; that it was never locked, and was used by the occupants of defendants' property during that period, without any disturbance regarding it; that its use was not discussed; that when they sold to plain-

tiff she told him that "if anybody should be disagreeable and a nuisance Mr. Ulmer says you could fasten the gate up if you wanted to.  But we never had any trouble"; that this was her understanding of the right existing in the owner of plaintiff's property, but they never had occasion to object to the use; she remembered on one occasion being asked by an occupant of defendants' property to be allowed to use it, and gave permission to him and also, at other times, to other tenants,—the others, however, did not ask permission, but she told them the "alleyway was for the use of both parties......as long as there was no trouble."  She does not say how often it was used, and it is evident from her testimony, which was somewhat confused and contradictory, probably because of her advanced years, that there was ample from which the court could find that such use as was made by defendants' predecessors in title, or their tenants, was permissive and not adverse; and, in any event, it does not compel the conclusion that defendants had successfully sustained the burden of proof of showing open, notorious, adverse and continuous possession for twenty-one years consecutively by any one connected with defendants' property, especially when taken in connection with the other findings above referred to, and the fact that the trial judge had the benefit of seeing the last mentioned witness, and could, therefore, best judge what credence, if any, should be given to her varying statements.

It is clear, therefore, we could not reverse the court below on this vital point without doing violence to our oft expressed rule that "The findings of fact by a judge, which involves the credibility of witnesses and the weight to be given their testimony, will be given the effect of a verdict of a jury, and will not be disturbed where there is testimony to support them" (Cruzan v. Cruzan, 243 Pa. 165; Shimer v. Aldine Trust Co., 264 Pa. 444; Gongaware's Est., 265 Pa. 512, 515) ; and this we are not willing to do.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellants.