# Volk v. Volk et al., Appellants.

*Equity—Specific performance — Decree matter of grace — Discretion of court—Findings of fact—Trust relation—Fraud—Evidence.*

1. The specific performance of a contract is within the discretion of the court below, it being a matter of grace, and not of right; and the findings of a chancellor thereon, if supported by evidence, have the weight of a verdict of a jury, and will not be reversed unless clear error appears on the record.

2. A decree for the specific performance of the sale of the real estate of a decedent to one of five heirs by the other four, will be sustained, where defendants offered evidence that plaintiff had occupied a position of confidence by reason of his having previously managed the land, and that he had made false statements as to value, but this evidence is contradicted and the court below found on sufficient evidence that plaintiff had not managed the land, and had made no false representations, and that the contract price approximated the market value of the land.

Argued October 25, 1921. Appeal, No. 169, Oct. T., 1921, by defendants, from decree of C. P. Allegheny Co., July T., 1920, No. 535, on bill in equity, in case of Bernard Volk, Jr., v. Charles Volk et al. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before SWEARINGEN, J.

1922.]    Assignment of Error—Opinion of the Court.

The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Jerome A. Miller,* of *Chantler, McClung & Miller,* for appellants, cited as to the confidential relation and its breach: Stepp v. Frampton, 179 Pa. 284; Longenecker v. Church, 200 Pa. 567; Freetly v. Barnhart, 51 Pa. 279; Friend v. Lamb, 152 Pa. 529; Reehling v. Byers, 94 Pa. 316; Graham v. Pancoast, 30 Pa. 89; Brown v. Pitcairn, 148 Pa. 387; Lynch's App., 97 Pa. 349; Thomas' Est., 36 Pa. Superior Ct. 186.

*Henry G. Wasson,* with him *Robert F. Graham,* for appellee, cited: Steinmeyer v. Siebert, 190 Pa. 471; Dilworth v. Kennedy, 201 Pa. 388; Guenther v. Kutz, 270 Pa. 144.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

Plaintiff is one of five children of Bernard Volk, Sr., who died in 1902, leaving valuable real estate consisting of two separate properties, situate in the City of McKeesport, which he devised to his wife for life and on her death to his children in equal shares. The widow died in 1919, and, on January 14, 1920, plaintiff entered into an agreement with the other heirs to purchase both properties for the sum of $100,000, agreeing to pay his brother and sisters $20,000 each for their respective shares. One of the heirs executed the deed presented by plaintiff in accordance with the agreement; the others, however, refused to convey, whereupon plaintiff instituted these proceedings to compel specific performance of the contract. The court below entered a decree directing conveyance of the property to plaintiff and defendants appealed.

The defense raised by the answer is that plaintiff occupied a position of trust and confidence toward defend-

ants by reason of his having been in management and control of the premises during the continuance of the life estate and that he falsely and fraudulently represented to defendants matters affecting the value of the land, thus inducing them to execute the contract of sale. It was also averred the actual value of the property was at least $175,000. The court below found substantially as follows: Plaintiff was not agent for defendants with respect to the property and occupied no relation of trust or confidence toward any of them; he did not manage or control the estate except the premises at 5th and Locust streets which he occupied under a lease; the price of $100,000 fixed by the contract was fair and reasonable and approximately the market value; plaintiff made no misrepresentations to defendants to induce them to enter into the contract and consequently its enforcement would not be inequitable. Under the established rule laid down in numerous cases, the specific enforcement of a contract is within the discretion of the court below, it being a matter of grace and not of right (Freetly v. Barnhart, 51 Pa. 279; Friend v. Lamb, 152 Pa. 529, 533) and the findings of the chancellor, if supported by evidence, have the weight of a verdict of a jury and will not be reversed by this court unless clear error appears in the record: Steinmeyer v. Siebert, 190 Pa. 471; Kirk v. Kirker, 270 Pa. 158. Accordingly, we need only consider whether there is sufficient evidence to support the conclusion reached by the court below.

As stated above, two properties are involved, one at 5th Avenue and Locust Street, the other at Ringgold and Locust streets. At the death of the life tenant, and for a considerable period previous to that time, plaintiff had been lessee of a part of the Ringgold and Locust streets property as a residence and in the conduct of an undertaking business. A portion of the same building was also occupied by one of the defendants as a dwelling and other parts were leased to tenants, while

another of defendants was lessee of the property at 5th Avenue and Locust Street in which he conducted a retail liquor business.

Shortly after the mother's death a meeting of the heirs was held for the purpose of discussing the best manner of handling the estate. A second meeting was held in September at which the question of the value and sale of the properties was discussed and, following a suggestion then made, further action was deferred until information as to its value should be obtained. This meeting was attended by Clyde N. Shaw, a real estate agent, personally acquainted with all the parties and who acted in an advisory capacity for them and obtained the opinions of other real estate agents as to the value of the property. At a meeting held January 14, 1920, all the heirs being present, it was agreed the properties should be sold for the sum of $100,000. An opportunity to purchase at this figure was given to each of the defendants before being submitted to plaintiff and each declined to purchase, whereupon plaintiff expressed a willingness to take the properties at the figure named and an agreement was subsequently drawn and executed providing for the delivery of a general warranty deed on or before February 15, 1920.

The false representations alleged to have been made by plaintiff to induce defendants to sign the agreement were to the effect that a financial panic was imminent which would tend to depreciate real estate values; that the war with Germany was not yet over and would be followed by another war; that the street railway would be removed from the street on which the properties abutted and increased taxes would follow. The evidence offered in support of these statements was contradicted by plaintiff and one of the defendants and by the witness Shaw. Under these circumstances, the court below was fully justified in its finding that no representations were made by plaintiff for the purpose of misleading defendants.

It is also argued that defendants were misled by the contents of a letter written to plaintiff by Shaw giving what purported to be the opinions of real estate experts as to the value of the properties but which, in fact, was the valuation they had placed upon but one of the two pieces. Shaw, as a witness, testified, however, that he had asked for a valuation on the "Volk Estate" property and had given such valuation in a letter which had been presented to and discussed at a meeting of all parties in interest and, so far as the testimony goes, we find nothing to indicate plaintiff had knowledge concerning the basis of the appraisement that was not also possessed by defendants, nor is there any testimony tending to indicate he concealed, or in any manner took advantage of, information he had personally acquired. Shaw did not represent plaintiff alone but all parties in interest and had advised each heir to procure an appraisement. The value of the property was fixed at $5,000 in excess of the highest obtainable appraisement. If the estimate of value given by Shaw was based on a misapprehension of the full extent of the properties, all parties had equal means of knowledge, the question of value had frequently been discussed and there is ample testimony in the record to support the finding of the court below that the price fixed in the contract represented approximately the market value of the properties.

Appellants do not contend the family relationship existing between the heirs, or the fact that they were tenants in common, raised a presumption of a confidential relation which would place upon plaintiff the burden of showing affirmatively that the transaction was fair and open and that no deception was used by him (Stepp v. Frampton, 179 Pa. 284, 289); they, however, claim defendants relied on plaintiff's guidance because of his greater business experience and, knowing this, plaintiff took advantage of the trust and confidence reposed in him. Evidence was adduced to show that two of the sisters who are married and living with their hus-

bands asked plaintiff to invest for them the proceeds of their interest, but beyond this there is no proof that plaintiff was the agent in handling the estate or represented his brother or any of his sisters in disposing of the property, or that he occupied toward them any relation other than that of tenant in common of property which they had mutually agreed to sell.

The decree of the court below is affirmed at the costs of defendants.