## Strzelecki v. Guizieska.

*Contract for sale of real estate—Specific performance—Principles governing granting of decree of specific performance.*

1. A decree of specific performance is always a matter of grace and not of right. The power to grant it is an extraordinary one, not to be arbitrarily exercised or withheld, but subject to every consideration calculated reasonably to persuade the conscience of a chancellor that in a given case it would be contrary to equity and good conscience to employ it.

2. It requires less to refuse specific performance of a written contract than to reform it or to rescind it, and less stringent proof to rebut an equity for specific performance than to establish it.

3. Even in the absence of any fraud or mutual mistake or illegality in the contract itself, a mere misunderstanding or imperfect understanding as to the real situation, with consequent surprise or hardship, is sufficient ground for withholding a decree of specific performance.

4. On a bill in equity praying for specific performance of a written agreement to convey real estate, where it is reasonably clear from the testimony that the defendant entered into the contract of sale under a mistaken and inadequate conception of the value of her property, and that the enforcement of the contract would work a clear surprise and hardship upon her, although there is no pretense of any fraud practiced by the plaintiff upon her, the court will refuse the decree.

Upon trial and final hearing. C. P. Berks Co., Equity Docket, 1920, No. 1267.

*Walter S. Young*, for plaintiff; *H. Robert Mays*, for defendant.

ENDLICH, P. J.—

### Findings of fact.

1. On and before April 21, 1920, the defendant, who is the mother of the plaintiff, was the owner of house and lot No. 428 South Seventh Street, Reading, Pa.

2. On the date mentioned, defendant entered into an agreement in writing with the plaintiff to sell and convey her property to the plaintiff for the consideration of $3800, $50 of which was paid down at the making of the agreement, and the balance of which was to be paid on July 10, 1920, when the proper conveyance was to be delivered.

3. The plaintiff had been occupying the house for some time, and conducting a business in it which had become established and profitable.

4. On May 28, 1920, the defendant called upon the plaintiff and brought back to her the down-money of $50 and announced her determination to rescind the bargain and retain her property. To this the plaintiff first said, "All right," but then refused to agree to the proposition, and when the

1 D. & C.

defendant left threw the money after her. It was, however, picked up and returned to the plaintiff, and has been retained by her since.

5. On July 10, 1920, the plaintiff's husband called upon the defendant with the stipulated price of the property in money, offered payment of it to her and demanded a conveyance. The defendant refused, and he left.

6. The reason for the defendant's determination to renounce the contract of April 21, 1920, was, as declared by her with practical uniformity, that she had been offered more money for the property.

7. In truth, the price she was to get from the plaintiff was below the value of the property, and a better price was obtainable by her. The property was admittedly worth more to the plaintiff on account of the business she had established in it, but the price agreed upon was several hundred dollars less than it was fairly worth in the market.

## Discussion.

A decree of specific performance is always of grace and not of right: Freetly *v.* Barnhart, 51 Pa. 279; Washabaugh *v.* Stauffer, 81* Pa. 497; Brown *v.* Pitcairn, 148 Pa. 387; Friend *v.* Lamb, 152 Pa. 529. That is to say, the power to grant it is an extraordinary one, not, of course, to be arbitrarily exercised or withheld, but subject to every consideration calculated reasonably to persuade the conscience of a chancellor that in a given case it would be contrary to equity and good conscience to employ it: Workman *v.* Guthrie, 29 Pa. 495, 510. And in general, it is laid down, it requires less to refuse specific performance of a written contract than to reform it (Brown *v.* Pitcairn, 148 Pa. 387) or to rescind it (Stewart's Appeal, 78 Pa. 88, 95; Kelly's Appeal, 108 Pa. 29, 52), and less stringent proof to rebut an equity for specific performance than to establish it: Raffensberger *v.* Cullison, 28 Pa. 426, 429; Workman *v.* Guthrie, 29 Pa. 495, 510. Even in the absence of any fraud or mutual mistake or illegality in the contract itself (see Henderson *v.* Hays, 2 W. 148, 152; Graham *v.* Pancoast, 30 Pa. 89, 97), a mere misunderstanding or imperfect understanding as to the real situation, with consequent surprise or hardship, is sufficient ground for withholding a decree: Wistar's Appeal, 80 Pa. 484, 495; Lynch's Appeal, 97 Pa. 349, 353. Here it is reasonably clear from the testimony that the defendant entered into the contract of sale under a mistaken and inadequate conception of the value of her property. There is no pretence of any fraud practiced by the plaintiff upon the defendant. But the enforcement of the contract would work a clear surprise and hardship upon the defendant, which, under the principles alread stated, is enough to forbid a decree of specific performance. The result seems inevitable that the plaintiff's bill cannot be successfully maintained.

## Conclusions.

*A.* The principles controlling the exercise of the jurisdiction invoked in this case forbid the granting of a decree of specific performance in favor of plaintiff against defendant as prayed for in the plaintiff's bill.

*B.* Plaintiff's bill is to be dismissed, at the costs of the plaintiff.

And now, June 13, 1921, the prothonotary is directed to enter a decree *nisi* in accordance with the foregoing decision, and forthwith to give notice thereof to the parties or their counsel of record, *sec. reg.*

ENDLICH, P. J., opinion on exceptions.—The decision excepted to in this case is to be found in 13 Berks Co. L. J. 288 [1 D. & C. 780]. A careful reconsideration of it has failed to disclose adequate grounds for its modification. The bill for a decree of specific performance against the defendant of the contract of

sale of her property to plaintiff avers, in the paragraphs 4 and 5, that defendant's reason for repudiating her contract with plaintiff was by her stated to be "that she could obtain a better price—because of a higher price having been offered her for the property"—and the evidence adduced by plaintiff is to the same effect. The defendant in her testimony denies that she made these statements, and alleges a mutual agreement to rescind the contract, evidenced on the plaintiff's part by her exclamation, "All right," when defendant announced her determination to rescind (see Findings of Fact, 4). If this were the truth, there might be an end of this case. A mutual rescission of the contract of sale would require a dismissal of the bill. Accordingly, the matter as now raised by plaintiff is not understood to be raised as a decisive issue in the case or as a ground for deciding in her favor, but as a circumstance making against the acceptance of her theory of the defendant's reason for backing out of the contract. Even for this purpose, it cannot perhaps be contended that this hasty utterance, immediately taken back and manifestly never designed to be received as a deliberate and definite assent to so sudden and surely unexpected a proposition, should be fixed and binding. Following directly upon the announcement of, and as the answer to, a fully formed purpose of the other party to repudiate her bargain, those words did not necessarily import an approval of and joinder in that purpose, but were rather calculated to evidence a realization that the power and intent to repudiate existed in the other party, and that her attempt to do so would have to be met (as it was by the filing of this bill within a few days of the time designated in the contract for its consummation). There is nothing in this matter which affects the defendant's right to a decision in her favor. As against the plaintiff, however, the rule is sufficiently decisive that the court will not decree specific performance when it appears (as it does here) that hardship and inequity against the other party would be wrought by such disposition (see cases collated in decision excepted to). It may, in this connection, be pointed out that the view taken in the decision excepted to is based upon the evidence adduced in support of plaintiff's contention to the exclusion of defendant's. And it may be proper to add that when, in the 6th finding of fact, it is stated that the defendant's reason for renouncing the contract was declared by her "with practical uniformity" to be as above indicated, that language palpably refers, not to her allegations in her pleadings or in her own testimony, but to what the proofs in the case lead to and to the conclusion they justify. And in the 7th finding, the statement that the agreed price of the property was below its value by several hundred dollars is verified by the defendant's own statements and declarations proven to have been made by her. It is true that by a decision in defendant's favor she gets the benefit of facts which she denies. But it must be remembered that the question is not whether the case of the defendant is stronger than that of the plaintiff, but whether the latter (on whom rested the burden of proving a case satisfying the conscience of a chancellor) has made out her right to a decree free from the criticism of hardship, etc.; and the conclusion is that she has not. If the principle invoked is to be valuable and effective, it must be true that it is to be applied whenever the facts which it contemplates appear as facts in the case, no matter on which side or in which party's evidence. It is to be noted that the exceptions to these two findings of fact (6 and 7) are the only ones that were pressed at the argument.

The exceptions are dismissed, and counsel may prepare and submit the proper final decree, sec. reg.

From Wellington M. Bertolet, Reading, Pa.