# Sagerson, Appellant, *v.* Nathan Realty Company.

*Appeals—Equity—Findings of fact.*

1. The findings of fact by a chancellor, approved by the court below, will not be disturbed on appeal unless clear error is shown.

*Road law—Encroachment on highway—Long continued usage—Equity—Injunction—Parties—Special and irreparable injury.*

2. No usage, however long continued, will justify an encroachment, great or small, upon a public highway, but a chancellor, in the exercise of his sound discretion, may consider and give effect to a usage, long continued without objection, under which slight encroachments are made, as rightfully persuasive to arrest his interposition by a writ of injunction.

3. Before a plaintiff can obtain an injunction for an alleged encroachment on a public highway, he must show that he will suffer substantial and irreparable special injury, separable from and in addition to that which inconveniences the general public; in all other cases the public authorities are the only ones entitled to maintain the action.

4. Where the fact of substantial and irreparable special injury is a matter of doubt, an injunction will be refused if the effect of granting it would be to work serious injury to defendant.

Argued October 7, 1924. Appeal, No. 12, Oct. T., 1924, by plaintiff, from decree of C. P. Cambria Co., March T., 1922, No. 7, dismissing bill in equity, in case of John L. Sagerson v. Nathan Realty Co., M. Nathan & Bro., Inc. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Bill for injunction. Before McCann, J., specially presiding.

The opinion of the Supreme Court states the facts.

Bill dismissed. Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Philip N. Shettig,* with him *Owen T. Sharkey,* for appellant.—When one sells and conveys lots according to a plan which shows them to be streets, he must be held to have stamped upon them the character of public streets: Smith v. Switch & Signal Co., 17 Pa. Superior Ct. 444; Transue v. Sell, 105 Pa. 604; Garvey v. Refractories Co., 213 Pa. 177; O'Donnell v. Pitsburgh, 234 Pa. 401; Bond v. Barrett, 50 Pa. Superior Ct. 307; Chambersburg Shoe Mfg. Co. v. R. R., 240 Pa. 519; Steinogle v. R. R., 58 Pa. Superior Ct. 324; Shetter v. Welzel, 242 Pa. 355; Melon Street, 182 Pa. 397; Stover v. Gowen, 280 Pa. 424; Riley v. R. R., 32 Pa. Superior Ct. 579; Jones v. R. R., 151 Pa. 30.

Where plaintiff suffers a special injury differing in kind and degree from that suffered by the general public by reason of defendant's illegal act, he is entitled to a remedy by injunction: Pittsburgh v. Scott, 1 Pa. 309; Phila. v. Collins, 68 Pa. 106; Gallagher v. Phila., 4 Pa. Superior Ct. 50; Knowles v. R. R., 175 Pa. 623; P. R. R.

360 SAGERSON, Appel., *v.* NATHAN REALTY CO.

Co's App., 115 Pa. 514; Garvey v. Refractories Co., 213 Pa. 177; Hacke's App., 101 Pa. 245.

Even if the plaintiff were required to establish proof of substantial damages, yet the court below erred in arriving at its conclusion because substantial damages were shown to exist.

*J. Earl Ogle, Jr.,* for appellee.—The findings have the effect of a verdict and will not be disturbed on appeal: Atlas Portland Cement Co. v. Brick & Clay Co., 280 Pa. 449.

The bridge as proposed cannot invade any right of plaintiff: Rennyson's App., 94 Pa. 147.

Erection of a bridge over a private way will not be enjoined: Patterson v. R. R., 8 Pa. C. C. R. 186; Ellis v. Academy of Music, 120 Pa. 608.

The elevated railways cases support appellees' contention: P. R. R. Co. v. Lippincott, 116 Pa. 472; P. R. R. v. Marchant, 119 Pa. 541.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1924:

Some time prior to 1860, the owner of a tract of land, then forming part of the borough, now the City of Johnstown, prepared and recorded a plan of the property, showing its division into lots fronting on plotted streets and alleys. Among the latter was Ebbert Alley, which, by an ordinance of the borough, dated July 27, 1860, was lengthened and declared to be a public highway. The parties agree that thereafter it had to be kept perpetually open for the use of the public. The Nathan Realty Company, one of the defendants (hereinafter called the defendant), is the owner in fee of two properties abutting on the alley and directly opposite to each other,—the fee in the alley between the two being in defendant, subject to the rights of the public. Plaintiff is the owner in fee of a property, likewise abutting on the alley, adjoining one of those belonging to defendant, and has the fee to the centre of the alley in front of his

property. The predecessors in title of both of the parties obtained their titles by deeds made in accordance with the plan above mentioned.

On September 7, 1915, defendant was authorized, by ordinance, to erect and maintain an overhead bridge, connecting the second floors of the two store buildings, erected on its lots. On July 28, 1916, it began the construction of the bridge, completed it in a short time, and continued using it from then until August 22, 1921. During all this period, plaintiff owned and occupied his adjoining property, but made no objection to defendant's construction and use of the bridge.

The business of the tenant of defendant's buildings having largely increased, it was decided to tear them down, and to erect new and larger stores in their stead. Upon application to the City of Johnstown, an ordinance was passed authorizing the construction of a new bridge, to take the place of the old one, provided the plan therefor was approved by the city engineer. This approval was duly obtained. The intention at that time was that the new bridge should be much larger than the old one, but, after this litigation began, the plan was changed so as to provide for one of substantially the same size, in substantially the same location, as the old bridge. On August 22, 1921, the latter was torn down, and shortly thereafter the construction of the new one began. For several months after this, no objection was made by plaintiff, but, in December of that year, before the work was completed, he did object, and on February 2, 1922, filed the present bill in equity, asking the court below to restrain defendant from proceeding with the work; the bill was dismissed and plaintiff appeals.

In addition to the foregoing undisputed facts, the trial judge found the following, which the court below approved: The new bridge will not interfere in any way with traffic along the alley or with plaintiff's access to his property, the lowest part of the bridge being eighteen feet six inches above the bed of the alley. The bridge

will be of modern fire-proof construction, enclosed in glass, will not increase, but rather diminish the fire risk of plaintiff's buildings, will not cut off any appreciable amount of light or air therefrom, and will not make any of its rooms less desirable for occupancy. The bridge will not cause any injury to plaintiff's property, nor will it disturb the comfortable and convenient use of it; whereas, if the construction was enjoined, defendant would be seriously injured in the use of the new stores it is erecting, which, as already stated, had been partially constructed before any objection was made to the bridge.

These findings are not assigned as error, except those which state that the bridge will not appreciably injure plaintiff's property, nor affect the light and air coming to it. There was, however, ample evidence to support them and they were approved by the court below; hence they will not be disturbed by us, since clear error is not shown: Volk v. Volk, 272 Pa. 378. In view of this, it is not necessary to consider all the interesting questions suggested in the briefs. It is sufficient for present purposes that, under the facts found, plaintiff has no standing to complain. It is no legal concern of his that the bridge may infringe on the rights of the public generally; the public authorities are the only ones who can successfully ask for relief under such circumstances, and apparently they have not chosen to do so.

In City of Philadelphia's Appeal, 78 Pa. 33, 39, where it was sought to enjoin defendant from encroaching on the street with certain ornamental parts of his building, though, by custom, this had constantly and for a long time been permitted in the case of other buildings, we said: "We concede that no usage, however long continued, will justify an encroachment great or small upon a public highway. But in the exercise of that sound discretion with which a chancellor is invested, he may well consider and give effect to such an usage as right-

fully persuasive to arrest his interposition by the writ of injunction. Otherwise he might be made the instrument of very gross injustice. Courts of equity are not instituted in general to enforce abstract legal rights. There must be substantial, irreparable injury attempted."

This conclusion was reached in a case where the city itself, as the representative of the public, was plaintiff below and appellant here. A far greater reason exists for not interfering at the instance of an uninjured private person, and hence, in Mint Realty Co. v. Wanamaker, 231 Pa. 277, 279, 280, where it was alleged that the cornice of defendant's store was intended to be projected beyond the building line, toward appellant's property on the opposite side of the street, and that it would, "to a serious extent, deprive appellant and his tenants of the light and air to which they are entitled, and result in serious injury, inconvenience and depreciation in value of complainant's property," but the facts were, as here, found to be otherwise, we said: "Except as the appellant can show that in consequence of the projection it will suffer a special injury, separable from and in addition to that which inconveniences the general public, it can have no standing as a suitor to complain. It is not enough that it is alleged in the bill that special injury will result. The restraining arm of the court will be extended only as it is made to appear to the satisfaction of the chancellor that special injury, substantial and irreparable, is being attempted. The burden of showing this rests upon the complainant always...... Even to doubt with respect to this would be to resolve the case against the plaintiff, in view of what defendant averred as to the serious consequences that would result to him, were he to be enjoined against completing his building in accordance with plans designed by his architects, and approved by the municipal authorities."

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.