Messrs, Duncan and Walker, <em>pro quer.</em>
Mr. D. Smith, <em>pro def.</em>

The same point was determined in another cause, resting on a sale from the commissioners, between the lessee of John Singer v. Philip Moore, and a verdict given accordingly for the plaintiff.

Mr. D. Smith, <em>pro quer.</em>   Mr. Hall, <em>pro def.</em>

---

Lessee of JAMES BLACK <em>against</em> JAMES HEPBURNE, JHON COWDON, WILLIAM STEDMAN and JOHN SMITH.

Ejectment will not lie for a mere privilege, or incorporeal hereditament.

EJECTMENT of part of a stone dwelling house, opposite to No. 341, in the town of Lewisburgh, and of a piece of ground of the breadth of 66 feet, extending to low water mark, containing one acre more or less, in Buffaloe township.

The plaintiff's title was as follows : A patent issued to Richard Peters, dated 11th August 1772, for 320 acres, bounded on the east by the river Susquehannah.

He conveyed to Ludwig Derr, on the 17th November 1773, who laid out a town on part of the tract.

On the 5th October 1785, Ludwig Derr in consideration of 41*l*., granted two lots, No. 6 and 341, to Francis Geise, as follows : (first describing lot No. 6,) "the other lot situate on the west side of Water street, in the town of Lewisburgh aforesaid, in the county of Northumberland, marked No. 341, containing in breadth 66 feet and extending in length or depth 157 feet, 6 inches, bounded northward by Pine alley, westward by———alley, southward by lot No.———and eastward by Water street aforesaid (being parts of &c.) together with the free use and

privilege of said Cherry alley, Pine alley and———alley, and of a landing place on the bank of the river, opposite to and of the same breadth of the lot No. 341, being 66 feet with all and singular the ways, water courses passages, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever, both at law and in equity, of him the said Ludwig Derr, of, in, or to the hereby granted, or mentioned to be granted premises, to have and to hold," &c. &c.

The intermediate ground between the eastern boundary of lot No. 341, and the low water mark of the river Susquehannah, formed the present controversy. On part thereof the stone dwelling house was erected, but the landing on the river was not inclosed or obstructed.

On the 24th January 1793, Francis Geise and wife conveyed to Peter Seidel both lots in consideration of 75l. with the foregoing privileges; who on the 22d April 1795, conveyed lot No. 341, to the lessor of the plaintiff, in consideration of 300l.

The evidence being closed on the part of the plaintiff, Mr. Duncan for the defendant moved, that the plaintiff should be nonsuited.

It cannot be pretended, that the plaintiff hath shown any right to the soil of the ground in controversy, or that the landing place has been obstructed. The present suit therefore is an ejectment for light, air and prospect, which it is contended is not supportable. It does not appear by the conveyance, that Geise had an exclusive right to the landing place, but that he and his assignees were to have the privilege thereof in common with the other inhabitants, in the same manner as they were to enjoy the streets and alleys. If this action then could be maintained, every owner of a lot in the town, would also be entitled to bring his ejectment, which would be absurd in the extreme. An indictment for forcible entry and detainer will not lie for disturbing one in a way, or in such such like easement.    1 Hawk. 146, § 31. Ejectment lies by the owner of the soil of a highway, because the title to the freehold is in him, and he may recover it, subject to the right of passage of others. 1 Burr. 143. But it will not lie for a right of fishery, nor in any case where there cannot be an entry and expulsion. 8 Mod. 278. Cro. Car. 492. Nor will it lie for any thing whereof the possession cannot be delivered by the sheriff, under an execution. Bull. 99. 2 Espin 127.    To assert that the rays of the sun, the motions of the winds or prospective

views are objects of such delivery of possession, would be highly farcical.

Merssrs. Hall and Roberts contended, that by the true construction of the deed to Geise, the privilege of the landing place opposite to lot No. 341, was vested in the owners of that lot. It does not appear, that it was dedicated as a public landing, and such a general privilege might in many instances defeat the interests of the proprietors of the lot. A building placed on any portion of the intervening ground, however small, would injure the passage from the lot to the landing place, and be detrimental to the plaintiff. He had every right to the ground opposite to the lot, except that of inclosing it. There are exceptions to the rule, that ejectment will only lie, where the matter demanded may be delivered over to the plaintiff, since it has been held to lie for common appendant or appurtenant, though not *per cause de vicinage.* 1 Stra. 54. 2 Espin. 127.

Mr. Ingersoll also for the plaintiff, moved that the trial of the cause should go on upon its merits, and that the legal point should be reserved for further considerations. It would tend to expedition, in case the court should at a future day be of opinion that the action was maintainable.

By the court. The boundaries of all actions ought to be preserved. 8 Mod. 275. On the present motion, where our opinions on a mere law point are with the defendant, we cannot permit the cause to go on, without declaring them, and reserve the point. If it should turn out that we are mistaken, the court will award a new trial without costs.

Incorporeal things are in their nature invisible, *quæ neque tangi. nec videri possunt,* and therefore are not in their nature capable of being delivered in execution. The general rule is, as has been stated by the defendant, that ejectment will only lie for things whereof possession may be deilvered by the sheriff. The case of common appendant or appurtenant is in some degree an exception; but there the officer by giving posession of the land gives possession of the common. 1 Stra. 54. The plaintiff has shown no title to the soil of the intermediate ground in dispute whatever privilege he, or the other townsmen, may have to the landing place. Ejectment* will not lie for a fishery, the diversion of a water course; (Yelv. 143, 1 Brownl.

Ejectment will lie for a boilary of salt; *pro Stagno,* or *de Gurgite;* because in all these cases, the terms comprehend both land and water. Runn. Eject. 36, 37.

142 Runn. Ejectment. 36, ) and the reason given is, that it is impossible to give possession of a thing which is transient and always running. But in both instances, an action on the case in nature of an assize, will lie for distnrbauce.

·So here, the objects demanded by the present suits are fleeting in their nature, and in a state of constant charge, not susceptible of actual possession, nor deliverable in execution. And therefore we apprehend that the form of action has been misconceived.

The plaintiff suffered a nonsuit