## The City of Grand Rapids v. George A. Whittlesey

*Streets: Title: City: Ejectment.* A city has not such a valid subsisting interest in the lands embraced in its streets as will authorize it to maintain ejectment under our statute; and the disability is a fundamental one and is not required to be raised by demurrer or plea in abatement.

*Control and supervision of streets: Ejectment.* The charter provision conferring upon the city the supervision and control of its streets was not designed to give the right to maintain ejectment, nor any thing more than the usual power possessed by township officers over country ways, to care for them and keep them in repair and to prevent and remove encroachments and obstructions.

*Submitted on briefs and decided November 3.*

Case made from Recorder's Court of Grand Rapids.

*James W. Ransom*, for plaintiff.

*Laurens W. Wolcott*, for defendant.

PER CURIAM:

The city sued in the court below in ejectment for a street within its limits, and the court allowed a recovery. The cause comes up on a case. The defendant seems to have made no objection to the form of the action, and the plaintiff's counsel insists: *first*, that there was no ground for any; and *second*, that if there was, the objection should have been made by plea in abatement or by demurrer. On the first point he cites *Dillon on Corp.*, § *523.* The text, it is true, goes to support the position, but the authorities cited we think fail to support it. But however that may be, our statute forbids ejectment when the party suing has not, when he commences his suit, a valid subsisting interest in the premises claimed.—§ *6206, C. L.* And the city has no such interest here. The question is a fundamental one, and goes to the right of the court to give judgment of recovery. The action is foreign to any right claimed, and

no case is made for any judgment for plaintiff. There was no necessity for a demurrer or plea in abatement, because it appeared affirmatively that the remedy was unwarranted, and the failure to raise the point by pleading or otherwise in the court below would not authorize a form of proceeding and judgment in it which the statute inhibits.

The circumstance that the charter of the city gives the corporation the supervision and control of all the streets does not help the case. This is nothing more than the power possessed by township officers over country ways, and the power usually given to cities over their streets. Our laws have made particular provisions for the care of streets and ways, and the prevention and removal of encroachments and obstructions. And it has never been supposed that ejectment could be maintained for any such purpose. The objection is fatal and cannot be ignored.

The judgment must be reversed, and one entered here for the defendant, with the costs of both courts.