## BURLEIGH v. PIPER.

1. **Execution: LEVY TO ACQUIRE A LIEN: GROWING CROPS.** The levy of an execution upon an unripe and growing crop is not valid as against subsequently acquired liens if made so long before the officer can properly proceed to advertise and sell as to evince an intention on the part of the judgment creditor to hold the levy for a time merely as security, and especially if it is reasonably certain, at the time of the issuance of the writ, that it cannot be fully executed by the sale of the crops during the life of the writ.

*Appeal from Mitchell Circuit Court.*

TUESDAY, OCTOBER 7.

ACTION to replevy certain grain. The plaintiff claims the grain by virtue of a chattel mortgage executed to him on the 30th day of June, and while the grain was growing. The defendant claims the grain by virtue of the levy of an execution against the mortgagor, made by him as sheriff of Mitchell county, on the 10th day of May previous. The grain was raised by the execution debtor upon leased premises. No actual possession was taken of the grain by the sheriff until August 30th, when it had been harvested and stacked by the debtor and some of it threshed. The execution in the meantime had expired and been returned, and another issued commanding a sale of the property levied upon. There was a

trial by jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*D. W. Poindexter*, for appellant.

*Browne & Bishop*, for appellee.

ADAMS, J.—The material question in the case arises upon an instruction given by the court in these words: "If the officer who holds an execution for service and levy on growing crops before they are ripe, or in a suitable condition to be removed, goes on the premises where the crops are situated, and enters the levy on the execution, with an accurate description of the crops levied upon, and gives the execution debtor notice of the levy, it would constitute a good and valid levy on the crops, and a levy so made would be a lien on the crops levied upon from the date of the levy." The giving of this instruction is assigned as error.

*1. EXECUTION: levy to acquire lien: growing crops.*

The plaintiff insists that an unripe and growing crop is not subject to levy upon execution though raised by a tenant; and even if it were that the mode of levy set forth in the instruction, and which was the mode employed, would be insufficient. In the view which we take of the case it is not necessary to determine either of these questions. Upon the first there is some conflict of authority, and the members of this court might not be entirely agreed. Conceding that a valid levy of an execution may be made upon an unripe and growing crop, and that the mode set forth in the instruction and employed in this case is not objectionable, we have still to determine whether the levy made can, in view of all the circumstances of the case, be sustained. The plaintiff contends that the office of the writ was perverted in that it was used, for a time at least, merely to effect a lien, and the further execution of the writ suspended by the direction of the judgment creditor.

It appears to us that the office of a writ of execution is to

collect a debt, and not merely to secure it. Now the evidence in the case shows that while the sheriff was directed, by the judgment creditor, to make no sale until the grain had been harvested and stacked, the writ was put into his hands on the 2d day of May, and the levy was made as soon as the grain was barely up. The general rule is that after the levy of an execution the suspension of the further execution of the writ, under the directions of the judgment creditor, will render the levy void as against after acquired liens. *Hickman v. Caldwell*, 4 Rawle, 376.

It might, perhaps, be claimed that not much importance is to be attached to the directions given by the judgment creditor, for the reason that a postponement nearly, if not quite, as great as directed was necessary in the very nature of the case. But the principle involved is the same. The writ was used for a time for the purpose merely of holding a lien upon the property. While mere procrastination by an officer after levy will not invalidate the levy, it is not the less his duty to proceed forthwith to advertise and sell. If he is prevented, either because the judgment creditor directed a postponement, or because he directed a levy so early as to necessarily result in a postponement, we think that the levy will be invalid as against subsequently acquired liens. In Herman on Executions, § 185, the author says: "Any act which shows that a party does not intend that a writ shall be executed before return day, or in accordance with the statutory provisions relating to final process, will, as between such party and third persons. or other judgment creditors of the debtor, discharge the property seized from the lien of such execution;" citing *Weir v. Hale*, 3 W. & S., 285; *Mentz v. Hauman*, 5 Whart., 150; *Howell v. Alkyn*, 2 Rawle, 282. In the case at bar the judgment creditor knew, when he put the writ into the hands of the officer, that there was hardly a possibility that the writ could be fully executed by the sale of the crop in question during the life of the writ, and that in any event the execution of the writ must be suspended for several weeks. The

purpose of making the levy thus early must have been solely to acquire a lien to be held for a time as security, or, to use the language of Chief Justice GIBSON in *Hickman v. Caldwell,* above cited, "to keep other creditors at bay," which purpose it was held in that case was not legitimate.

It follows, from the view which we have taken, that the instruction given was too broad under the circumstances of the case. It held that the levy was valid if made in the mode described. In our opinion, a levy of an execution upon an unripe and growing crop is not valid as against subsequently acquired liens, if made so long before the officer can properly proceed to advertise and sell as to evince an intention on the part of the judgment creditor to hold the levy for a time merely as security, and especially if it is reasonably certain at the time of the issuance of the writ that it cannot be fully executed by the sale of the crop during the life of the writ, but that the judgment debtor must be put to the expense of another writ.

REVERSED.