# Green *v.* Thresher, Appellant.

*Nuisance—Encroachment on public highway—Equity—Injunction—Signs.*

Where one of the occupants of a commercial building sets up on a portion of the pavement of the public highway in front of the building a show case and signs, which attract such crowds as to obstruct an entrance used by another occupant of the building, and to cut off the view of such occupant's show windows, the latter may maintain a bill in equity to compel the removal of the show case and the signs as a nuisance.

Argued Jan. 18, 1912. Appeal, No. 273, Jan. T., 1911, by defendants, from decree of C. P. No. 4, Phila. Co., March T., 1911, No. 5022, on bill in equity in case of Green and Green Company v. Carl H. Thresher et al. Co-partners, trading under the firm name of Thresher Brothers. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.

AUDENRIED, J., filed an opinion containing the following findings of fact and law:

## FINDINGS OF FACT.

1. The plaintiff, Green & Green Company, is a corporation organized under the laws of the state of Massachusetts for the manufacture and sale of muslin underwear, &c. It has complied with the requirements of the Acts of Assembly of Pennsylvania, and is authorized to transact business within this Commonwealth.

2. The defendants, Carl Thresher, Burton E. Thresher and Avery A. Thresher, are co-partners trading under the firm name of Thresher Bros. They are engaged in the sale of various articles made of silk for women's wear. Thresher Bros. are now and on November 11th, 1910, were lessees of a four-story building

known as No. 1322 Chestnut street, in the city of Philadelphia. This building is situated on the south side of Chestnut street, its north or front wall standing on the new line of that street. The defendants' business is carried on upon the third and fourth floors of the building leased by them, and they use also a part of its basement.

3. On November 11th, 1911, the defendants sublet to the plaintiff a part of the basement of No. 1322 Chestnut street, for a term of two years and one month, from December 1st, 1911 (with the right to renew the lease for a further term), at the annual rental of $12,000, payable by monthly instalments.

The plaintiff was to use that part of the building covered by this lease as a place for the sale of ladies' and children's underwear, white waists, corsets and similar goods. It was agreed between the parties hereto on March 24th, 1911, that the lease above mentioned should be modified by the insertion therein of a covenant that no white waists except white waists made of silk should be offered for sale by the defendants during the continuance of the plaintiff's term or any renewal thereof.

4. Pursuant to the terms and conditions of its lease the plaintiff entered into possession of the first and second floors and part of the basement of No. 1322 Chestnut street, and has continued in possession thereof up to the present time.

It has fully complied with all the terms and conditions of its lease. Until within a few weeks ago it carried on upon the demised premises the business of selling underwear and white goods for women and children.

5. The property known as 1322 Chestnut street is bounded on the east by another store building known as No. 1320 Chestnut street, in front of the latter building has not been widened to its full width as recently established by the city of Philadelphia and the front wall of No. 1320 Chestnut street stands on the old line

of that street which is five feet farther north than the line of the front wall of No. 1322 Chestnut street. The west wall of No. 1320 Chestnut street, consequently projects five feet beyond the front of No. 1322 Chestnut street. This wall is solid and without openings. It stands on the line which formerly bounded the two properties just referred to. Against this wall the defedants have set up a show case above five feet wide eight feet high and twelve inches deep. This show case stands within the lines of Chestnut street projecting westward from the west wall of No. 1320 Chestnut street and northward from the front wall of No. 1322 Chestnut street. It is made of glass set in iron or wooden frames and is used for the display of samples of silk skirts, waists and other wares offered for sale by the defendants. On the top of this show case the defendants have set up and fastened to the wall above mentioned a large business sign about five feet wide and six or eight feet high and upon this sign they have erected and secured against the wall an upright sign extending from the top of the sign last mentioned to the top of No. 1320 Chestnut street. The signs which surmount the show case as well as the show case itself encroach upon the space included within the lines of Chestnut street. They are located directly north of the doorway situated on the east side of No. 1322 Chestnut street by which entrance is had to the elevator used for conveying visitors to the second, third and fourth floors of that building.

The front of the first floor store room that the plaintiff occupied at No. 1322 Chestnut street, consists of two windows fitted up as show cases one on either side of the centre door by means of which entrance is obtained to the store. Neither the signs nor the show case set up by the defendant as above described had been erected on November 11th, 1910, and the plaintiff has never consented expressly or impliedly to their erection.

6. The show case maintained by the defendants as above mentioned attracts the attention of passersby and frequently causes so many persons to gather in front of it as to interfere seriously with the approach to the elevator by means whereof the plaintiffs' employees and customers have access to the second floor of No. 1322 Chestnut street, and to prevent other persons using the street from seeing the goods exposed to view in the show windows of the plaintiffs' store on the first floor of that building. The value to the plaintiff of the advertisement afforded by the display of its goods in the front windows of its place of business is very great and any interference with this means of bringing its wares to the attention of the public involves a serious injury to the plaintiff and entails a loss which falls on it alone.

Applying the law to the facts thus ascertained our conclusions are as follows:

FINDINGS OF LAW.

1. The plaintiffs' lease from the defendants covered "first and second floors and part of the basement of No. 1322 Chestnut street." It did not and necessarily could not include any portion of the street in front of that building except so far as the right to use the street was an incident or appurtenance thereof.

2. As was said by the Superior Court in Commonwealth v. Kembel, 30 Pa. Super. Ct. 199, "Highways belong to the Commonwealth in trust for the great body of the people and that anyone who claims a peculiar privilege to invade them must establish beyond the peradventure his title under some act of legislative power to do so as is well settled. * * * One who appropriates the space above the footway creates a purpresture by making several to himself that which ought to be common to many." Show cases or sign boards located in the public street, as are those that the defendants have set up against the west wall of No. 1320

Chestnut street, constitute a public nuisance unless the city which has control of its streets has by general ordinance permitted their maintenance: Frey and Forker v. Norristown, 16 D. R. 136; Wilkes-Barre v. Burgunder, 7 Kulp 63; Commonwealth v. McCafferty, 145 Mass. 384.

No city ordinance authorizing such constructions in the highways was offered in evidence at the trial. The court has no right to assume that such an ordinance exists: Commonwealth v. Kembel, supra.

It follows therefore, that neither of the parties hereto has the right to erect or maintain show cases or signs in the position in which the defendants have placed this of which the plaintiff complains.

3. The invasion of the common right by the taking for private use of that which belongs to the public as by a continuing encroachment on or over the highway may be punished by indictment or may be restrained by injunction: Reimer's Appeal, 100 Pa. 182; Penna. R. R. Co.'s Appeal, 115 Pa. 514; Thomas v. Inter-County St. Ry. Co., 167 Pa. 120.

4. While the plaintiff has no standing to question the act of which it complains on the part of the defendants upon the ground that they are evicting it from a portion of the space to the possession of which it is entitled under its lease from them, the special injury that it sustains through the maintenance of the nuisance that the defendants have set up gives it the right to invoke relief at the hands of a court of equity: Philadelphia and Trenton R. R. Co. v. Phila. & Bristol Pass. Ry. Co., 6 Pa. D. R. 487; Faust v. Second and Third St. P. Ry. Co., 3 Phila. 164; Reighard v. Flinn, 189 Pa. 355.

1. The plaintiff is entitled to a decree that the defendants be enjoined from maintaining in Chestnut street in front of the building occupied by the parties hereto the signs and show case above referred to and requiring the defendants to pay the costs of these proceedings.

*Error assigned* was decree awarding injunction.

*Francis G. Gallagher,* for appellants.

*J. Quincy Hunsicker,* with him *J. Quincy Hunsicker, Jr.,* for appellees.

PER CURIAM, February 19, 1912:

The first five facts found by the court below are not open to dispute, and, in view of the sixth, which was fully justified by the evidence, the relief asked for could not have been withheld. Decree affirmed at appellants' costs.