## Borough of Summerhill, Appellant, v. Sherbine.

*Municipalities—Streets—Obstructions to street—Equity—Ejectment.*

An action of ejectment cannot be maintained by a municipality to prevent encroachment on a street or highway. Indictment or injunction is the proper remedy. Where a property owner has encroached upon a public highway, a bill in equity for an injunction is the proper proceeding by which to protect the public interests, where the essential facts are not in dispute.

Any encroachment on the streets of a municipality is a nuisance which will be enjoined at the suit of the city. The attempt is to appropriate the property of the public for a private use. For this the public can recover no damage. They may undoubtedly proceed by indictment, and thus remove the obstruction, but in the meantime the community are deprived of the public property. For this tardy redress they are not required to wait. Equity furnishes an immediate and effectual remedy, by at once arresting the injury and protecting the right.

A Pennsylvania highway is the property of the people,—not of a particular district, but of the whole State—and when a public right is acquired, it cannot be lost by nonuser or by municipal action, not expressly authorized by law. Any occupation of the property, inconsistent with the public right, is a nuisance, and no length of time will legalize a public nuisance.

Argued April 22, 1926. Appeal No. 177, April T., 1926, by plaintiff, from judgment and decree of C. P.

Cambria County, Sitting in Equity, September T., 1925, No. 32, in the case of The Borough of Summerhill v. Milton A. Sherbine and Aaron Howard Sherbine. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Bill in equity for an injunction. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the demurrer to the appeal and certified the proceeding to the law side of the court. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*Edward J. Harkins,* for appellant.—A Court of Equity had jurisdiction to restrain a continuing trespass and to abate a public nuisance: Masson's Appeal, 70 Pa. 26; Walter v. McElroy, 151 Pa. 549; Keppel v. Lehigh Coal etc. Co., 200 Pa. 649; Reimer's Appeal, 100 Pa. 182; City of Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318; Breisch et al. v. Locust Mountain Coal Co. et al., 267 Pa. 546; Garvey v. Refractories Co., 213 Pa. 177; Busser v. Weekey, 11 Pa. Superior Ct. 463; Wickham v. Twaddell, 25 Pa. Superior Ct. 188; McGonigle v. St. Clair Coal Co., 76 Pa. Superior Ct. 135; Drum v. Dinkelacker, 79 Pa. Superior Ct. 91.

The appellant does not have an adequate remedy at law for the relief sought: Edgett v. Douglass, 144 Pa. 95; Drake v. Lacoe, 157 Pa. 17; Shillito v. Shillito, 160 Pa. 167; Searight v. Bank, 162 Pa. 504; Harrington Bros. v. Oil Co., 178 Pa. 444; Penn'a. R. R. Co. v. Bogert, 209 Pa. 589; Manbeck v. Jones, 190 Pa. 171; Weaver v. Getz, 16 Pa. Superior Ct. 418.

An action of ejectment will not lie: Hancock v. McAvoy, 151 Pa. 460; Union Petroleum Co. v. Bliven Pe-

troleum Co., 72 Pa. 173; Taylot v. Gladwin, 40 Mich. 232; Bay County v. Bradley, 39 Mich. 163; Grand Rapids v. Whittlesey, 33 Mich. 109; Lessee of James Black v. James Hepburne et al., 2 Yeates 331.

*Henry W. Storey, Jr.,* and with him *Alvin Sherbine,* for appellees.—The proceedings amounted to an action of ejectment: Williams et al. v. Fowler, 201 Pa. 336; Thomas v. Hukill, 131 Pa. 298; Chadwick v. McCombs, 4 Sadler 121; Mortland v. Mortland, 151 Pa. 593; Loughran v. Loughran, 23 D. R. 24; Tillmes v. Marsh, 67 Pa. 507; Messiner's Appeal, 92 Pa. 168; Kennedy's Appeal, 81½ Pa. 163; Richard's Appeal, 100 Pa. 51; Long's Appeal, 92 Pa. 171.

OPINION BY KELLER, J., July 8, 1926:

The appellant was duly incorporated as a borough on September 6, 1892. On July 3, 1925, it filed this bill of complaint alleging that two certain twelve feet wide public alleys—therein fully described—which, it averred, had been dedicated to public use prior to April 2, 1892, and surveyed, marked on the ground and used as highways by the public, and recognized as such in certain recited deeds to and from the defendants, had been obstructed by the defendants by the erection of buildings and fences across and within the boundary lines of said alleys which hinder and interfere with the use of said alleys by the public; and praying that such obstructions be declared a public nuisance and their further maintenance, etc., be enjoined.

The defendants filed an answer denying said alleys to be public highways, especially as to the portions thereof abutting on the defendants' respective properties; denying generally said dedication to and use by the public; and averring that said alleys were the private property of the defendants, and had been such, as to Milton A. Sherbine since April 2, 1892, and as to Aaron Howard Sherbine (a grantee of Milton A. Sher-

bine) since January 10, 1921; and that the land within their alleged boundaries had been in the continuous, open, notorious and adverse possession of the defendants or their grantees, since April 2, 1892. They admitted certain averments of the bill, to wit, that in the conveyance to Milton A. Sherbine of April 2, 1892, his property had been described as abutting on these alleys, described as "twelve foot alleys," and that in certain deeds from him to various grantees, they had been described as alleys or twelve foot alleys; but averred that the description in the deed to Milton A. Sherbine was in fraud of his rights and as to the others was inadvertently made. The answer at the end contained a clause denying that equity had jurisdiction of the cause because the plaintiff had a full, adequate and convenient remedy at law, and asking that that issue be decided in limine before a hearing of the cause upon the merits.

This preliminary question the court disposed of after argument on bill and answer, without testimony, by holding that the bill was in effect an ejectment bill and the plaintiff should have brought an action of ejectment; and certified the case to the law side of the court for the purpose of having the title and right of possession of the parties to the land within the boundaries of the alleged alleys determined in ejectment. Plaintiff has appealed from that order.

The Supreme Court Equity Rules do not, in our opinion, contemplate the filing by the defendant of an answer on the merits where he desires to raise in limine the question of jurisdiction on the ground that the suit should have been brought at law. While demurrers, so-called, are dispensed with (Rule 15) and every pleading filed by the defendant is denominated an answer, the preliminary pleading which questions the jurisdiction on the ground of an adequate remedy at law is not intended to constitute an answer on the merits. This is apparent from the language of Rules

48 and 49, which authorize the defendant "on or before the date fixed for filing an answer on the merits" to "preliminarily object" by answer filed, on the ground, inter alia, "that upon the facts averred plaintiff has a full, complete and adequate remedy at law"; and in case the court dismisses the objection the defendant is required "to answer over," that is, to answer on the merits. The Supreme Court said in the case of Bank of Pittsburgh v. Purcell, 286 Pa. 114, 117, "The question of jurisdiction depends on the averments in the bill and not upon the answer or testimony." By the Act of June 16, 1836, sec. 13, P. L. 784, 789, the equity rules adopted by the Supreme Court have the force of a statute: Cassidy v. Knapp, 167 Pa. 305, 307.

We are not satisfied that the bill shows on its face that it is an ejectment bill, or even that ejectment is under the law and practice in force in this State an appropriate remedy for a municipality dealing with the obstruction of a highway. The plaintiff claims no lands, tenements or hereditaments from the defendants. It neither owns nor possesses the alleys in dispute. As the agent of the Commonwealth it has charge, custody and control of the public highways belonging to the Commonwealth (Case of Phila. & Trenton R. R. Co., 6 Wharton 25; City of Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318, 323), and is therefore concerned in seeing that they are not obstructed or passage over them interfered with, but it possesses no title to them; nor even right of possession except as agent in control for the Commonwealth.

A municipality could not bring an action of ejectment for the obstruction or permanent occupation of one of its streets at common law, and we are unable to find any statute of this State conferring such right. Like any other owner of land, it may do so as to ground belonging to it or to which it has title: Klinkener v. School Directors of McKeesport, 11 Pa. 444; but as respects the obstruction or occupation of public highways

within its limits, amounting to nuisance, its remedy is by indictment or bill in equity. Not one of the statutes of this Commonwealth relating to the action of ejectment or establishing the practice in connection therewith from March 21, 1772, 1 Sm. L. 370, March 21, 1806, 4 Sm. L. 326, and April 13, 1807, 4 Sm. L. 476, to April 30, 1925, P. L. 396, contains any provision extending, or showing intrinsic evidence of an intention to extend, the action of ejectment so as to authorize a municipality to use it as the remedy for an encroachment by an adjoining landowner upon a public highway. On the contrary, the language of section 12 of the Act of 1806, supra, p. 332, and of the Acts of 1807, supra, and May 8, 1901, P. L. 142, negatives any such idea. It is true "the owner of the soil may maintain an ejectment for land over which a highway is laid out; because though the public have a right to pass over it, yet the freehold and all the profits belong to the owner, and he may use it in any way not inconsistent with the public right or easement"; Cooper v. Smith, 9 S. & R. 26, 31; but "the public right or easement" does not amount to such claim of title or right of possession as will support an action of ejectment. The remedy at common law for any obstruction or interference with an individual's use of a public way or private way was not ejectment but trespass on the case: 1 Chitty on Pleading 162 (7th Am. Ed.) ; 2 Ibid 807; Rhea v. Forsyth, 37 Pa. 503; and the remedy in such circumstances is still case, now called trespass by statute (Act of May 25, 1887, P. L. 271) : Beam v. Punxsutawney Playground Assn., 81 Pa. Superior Ct. 579, 581. Ejectment will not lie for an incorporeal hereditament: Kelly v. Keys, 213 Pa. 295; Union Petroleum Co. v. Bliven Petroleum Co., 72 Pa. 173; Hancock v. McAvoy, 151 Pa. 460; Black's Lessee v. Hepburne, 2 Yeates 331. A careful examination of the reported decisions in this State has disclosed only one case (Rochester Boro v. Kennedy, 229 Pa. 251), where ejectment was resorted to as the

remedy in circumstances similar to this one and in that case it was claimed that the Commonwealth had never parted with the title to the street in question (See Com. v. McNaugher, 131 Pa. 55) and the question of the appropriateness of the action was not raised, or considered by the court.

We are aware that in a number of the states of the Union the fee or ownership of the streets is vested by law in the municipality and in such case an action of ejectment may be brought by the municipality with respect to an obstruction of or encroachment upon its streets; and this fact has led other states by analogy to adopt the same rule, although in them the fee of the highway is not in the municipality; and has induced eminent text book authority to sponsor it. But, until our legislature extends the scope of the action, we prefer to follow those states which adhere to the old practice and hold that ejectment cannot be maintained by a municipality to prevent encroachment on a public street or highway; that indictment or injunction is the proper remedy: W. Covington v. Freking, 8 Bush (Ky.) 121; Southampton v. Betts, 163 N. Y. 454, 57 N. E. 762; Canton Company v. Baltimore, 66 Atl. 679 (Md.); City of Grand Rapids v. Whittlesey, 33 Mich. 109; Commrs. of Streets v. Taylor, 1 Brevard (S. C.) 129; City of Racine v. Crotsenberg, 2 N. W. 520 (Wis.).

On the other hand bills in equity have been resorted to in this state in like circumstances and the jurisdiction sustained, where the facts were clear or not seriously disputed as respects essential matters, or where the remedy in equity was deemed more adequate or convenient. Among such cases may be cited: Com. v. Rush, 14 Pa. 186, 196; City of Phila.'s App., 78 Pa. 33, 34, 39; City of Pittsburgh v. Epping-Carpenter Co., supra; Reimer's App., 100 Pa. 182; Breisch et al. v. Locust Mountain Coal Co., 267 Pa. 546, 551, 552; Com. v. Croushore, 145 Pa. 157; and Boro of Milford v. Burnett, 87 Pa. Superior Ct. 588; and similar suits,

brought by the adjoining landowner against the municipality or representative of the public: Penna. R. Co. v. Freeport Boro, 138 Pa. 91; Washington Seminary v. Washington, 18 Pa. Superior Ct. 555; Hileman v. Hollidaysburg, 47 Pa. Superior Ct. 41; and Lenhart v. Wright, Sec. of Highways, 286 Pa. 351.  See also Manbeck v. Jones, 190 Pa. 171; Stivason v. Serene, 80 Pa. Superior Ct. 1; Sagerson v. Nathan Realty Co., 281 Pa. 358; Green v. Thresher, 235 Pa. 169. ''No one doubts the jurisdiction of a court of equity in the case of a nuisance per se, such as a bone-boiling establishment, a swine-yard, or pig-sty, or other similar establishment.   So with obstructions to public highways'': New Castle v. Raney, 130 Pa. 546, 564. ''Any encroachment on the streets of the City of Philadelphia is a nuisance which will be enjoined at the suit of the city'': City of Phila.'s App., supra, pp. 34, 35. ''The attempt is to appropriate the property of the public permanently to private use.  For this the public can recover no damage.  They may undoubtedly proceed by indictment, and thus remove the obstruction, but in the meantime the community are deprived of the public property.  For this tardy redress they are not required to wait.  The redress now sought [i. e. injunction] furnishes an immediate and effectual remedy, by at once arresting the injury and protecting the right.  Furthermore, each individual lot-holder may maintain an action against the wrongdoers; and this remedy now resorted to, and sustained, tends directly to arrest litigation—a result generally sufficient to induce the interposition of a chancellor'': Com. v. Rush, supra, p. 196.

Recurring again to the facts of this case, the bill itself discloses nothing in the nature of an ejectment bill; and many of its important averments are not disputed in the answer.  The defendants' titles begin with

the deed to Milton A. Sherbine of April 2, 1892. If, as alleged in the plaintiff's bill, the alleys in question had been dedicated to public use prior to that date, and were used by the public pursuant to such dedication, there is nothing else in the defendants' answer which raises any substantial dispute as to the essential facts justifying this suit by the borough; and as to this vital point the answer is confined to a vague general denial (See Equity Rules No. 52); followed by a claim of ownership by adverse possession since April 2, 1892.

If prior to defendants' deed there was a dedication of these alleys to the public followed by an acceptance of such dedication and a use of the alleys by the public, they became public highways: Milford v. Burnett, supra; Ferguson's App., 117 Pa. 426; and thereafter the public right could not be lost by nonuser nor title be acquired by the adjoining landowner by adverse possession: City of Pittsburgh v. Epping-Carpenter Co., supra. The public use need not apply to the full width of the street or highway so dedicated. Any public use of a part of such width, indicating a purpose to accept the gift, fixes the public right to the whole: City of Pittsburgh v. Epping-Carpenter Co., supra; State Road, 236 Pa. 141; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Bond v. Barrett, 50 Pa. Superior Ct. 307, 314; Hileman v. Hollidaysburg, supra. When so used the dedication becomes irrevocable by either the grantor or those claiming under him: Osterheldt v. Phila., 195 Pa. 355; and can not be defeated as to any part of its entire width by subsequent encroachments upon it no matter how long continued: State Road, supra; Com. v. Moorehead, 118 Pa. 344, 354; McGuire v. Wilkes-Barre, 36 Pa. Superior Ct. 418; and any encroachment upon it constitutes a nuisance: City of Pittsburgh v. Epping-Carpenter Co., supra; Com. v. Shoemaker, supra. "In Pennsylvania, a highway is the property of the people,—not of a particular district, but of the whole

State—and when a public right has been acquired, it cannot be lost by nonuser or by municipal action not expressly authorized by law. · Any occupation of the property inconsistent with the public right is a nuisance, and no length of time will legalize a public nuisance: Pittsburgh v. Epping-Carpenter Co., 194 Pa. 318''; Breisch v. Locust Mountain Coal Co., supra, p. 552.

We are therefore of opinion that the court below erred in certifying the cause to the law side of the court to be tried as an action in ejectment.

The assignments of error are sustained. The order is reversed and the record is remitted to the court below with directions to reinstate the suit and proceed with it in accordance with law and the equity rules.

The costs on this appeal to be paid by appellees.