## Farmers & Traders Life Insurance Company v. Davis et al.

*A. B. Dunsmore* and *C. H. Ashton*, for plaintiff.

*Charles J. Margiotti, F. S. Hughes,* and *Charles M. Elliott,* for defendants.

CRICHTON, P. J., January 30, 1935.—This is a bill in equity seeking the cancellation of a life insurance policy on the ground that fraud was practiced upon the insurer in the procurement thereof. The policy, as shown by the pleadings, was dated December 1, 1931, and the assured, Henry O. Cooley, died March 26, 1932. The amount of insurance was $5,000, with double indemnity in case of death as the result of an accident, and it is averred by the defendants herein that the death was so caused. The policy further provided that it should be "incontestable after it has been in force during the lifetime of the insured for a period of one year from its date of issue, except for nonpayment of premiums." It, therefore, never became incontestable, and if an action at law were begun by the present defendants against the present plaintiff the facts averred in the bill, if proved, would constitute a valid defense.

The matter has been so proceeded with that there is now before us an answer by the defendants demanding a jury trial and asking that the cause be certified to the law side for such trial. Had this demand been filed in time, we would have found ourselves between two principles: that an equitable remedy is not available to one who has an adequate remedy at law, and that equity will always assume jurisdiction in cases of fraud. It may well be doubted whether the latter principle should prevail in cases to which the former is applicable. It was stated in Custis v. Serrill et al., 303 Pa. 267, 272, that: "Whether or not the remedy in equity is more efficacious, adequate, or convenient than an action at law, it is certain chancery always assumes jurisdiction in relief of fraud." But there were special reasons why equity jurisdiction should have been sustained in that case.

In Bishoff v. Valley Dairy Co. et al., 302 Pa. 125, 133, the Supreme Court said, inter alia: "Even where there is fraud, if it relates to the transfer of personal property and the party has an adequate remedy at law, equity will not ordinarily take jurisdiction". Again, in Costley et ux. v. Smith, 278 Pa. 242, 244, the court said: "Although the plaintiffs aver fraud in the procurement of the contract, this, of itself, is not sufficient to take the case out of the rule that jurisdiction in equity will not be taken if there is adequate remedy at law". And in Hyde v. Baker, 212 Pa. 224, 226, it was said: "We do not dispute the general principle . . . that where fraud is alleged equity has concurrent jurisdiction with law. In our state, however, the settled rule has never been departed from that equity jurisdiction will not attach where there is a full, complete and adequate remedy at law."

It seems, therefore, that while there may at times be an apparent conflict between the two principles, the one last above enunciated under ordinary circumstances is the dominant rule. It follows that at the institution of the proceedings now before us the defendants had the right to have them certified to the law side for trial. But have they preserved that right?

The bill was filed November 30, 1932. An answer was filed December 27, 1932, setting up a complete defense on the merits, including new matter, but raising no question as to equitable jurisdiction, and making no request for certification over. The reply of the plaintiff to the new matter pleaded by defendants was filed January 9, 1933. Among the files is found what purports to be a "record at first hearing," marked as filed July 5, 1934, but not otherwise authenticated, not showing when the hearing was held, and not accompanied by any notation on the docket to show the date. It could not have been held in 1934, because it was not heard by the present chancellor, whose term began in January 1934. Judging as best we can under the confused state of the record and pleadings, we must believe that it was had in June or July 1933, although this belief does not contribute to the conclusion hereinafter to be reached. No evidence was taken. The plaintiff moved for judgment on the pleadings, and the court withheld judgment, stating that if a defect were found in the answer defendants would be allowed to amend.

On July 17, 1933, an amended answer on the merits, but also requesting certification to the law side, was presented, on which was endorsed an order of court granting leave that it be filed. It does not appear that cause was shown, or that the affidavit required by Equity Rule 48 accompanied this answer. There also appears in the files an "answer objecting to proceeding and demanding jury trial", accompanied by the necessary affidavit. This appears to have been served July 17, 1933, but it was not filed till January 1, 1934, and, although

endorsed thereon appears in blank an order granting leave to file and directing that the matter be disposed of in limine, such order was never made.

Further pleadings were later filed, which, however, have no bearing on the issue now before us.

The situation, therefore, is, looking at the record in the most favorable light so far as defendants are concerned, that they filed a general answer on the merits within 30 days of the filing of the bill, and that nearly 7 months later they presented to the court an amended general answer containing also a demand for certification over, but not accompanied by the required affidavit; that the court on July 17, 1933, granted leave to file this amended answer; and that on January 1, 1934, they also filed an answer objecting to the proceedings and demanding a jury trial, which answer was accompanied by the affidavit, but upon which no order was made by the court. We think they have waived their right to a jury trial.

The Act of June 7, 1907, P. L. 440, provides, inter alia, as follows: "when a bill in equity has been filed in any court of this Commonwealth, if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact; otherwise, the right of trial by jury shall be deemed to have been waived by both parties".

Equity Rule 48 provides, inter alia, as follows: "On or before the date fixed for filing an answer on the merits, and thereafter by leave of the court upon cause shown, the defendant may, by answer filed, accompanied by an affidavit that it is not interposed for the purpose of delay, preliminarily object to the bill for one or more of the following reasons: . . . (6) that upon the facts averred plaintiff has a full, complete and adequate remedy at law".

"A defendant may not answer and demur to the whole bill. . . . An objection to the jurisdiction of a court of equity, must be taken, either by demurrer or plea, before answer. . . . By demurring and answering, defendant waived the question of jurisdiction": Onorato v. Carlini et al., 272 Pa. 489, 493.

The demurrer, of course, is now abolished, but the same principle must be applied in the case of the special answer required by Equity Rule 48.

"The Supreme Court Equity Rules do not, in our opinion, contemplate the filing by the defendant of an answer on the merits where he desires to raise in limine the question of jurisdiction on the ground that the suit should have been brought at law": Borough of Summerhill v. Sherbine, 88 Pa. Superior Ct. 419, 422.

"One who seeks to avail himself of technical objections to pleadings must do so at the earliest opportunity. He cannot be permitted by his pleadings to raise an issue on the merits of the case and thereafter to attack the sufficiency of his opponent's pleadings": Boyle v. Breakwater Co., 239 Pa. 577, 580.

Equity Rules 48 and 49 must be construed in the same way as similar objections to plaintiff's statement of claim under the Practice Act of May 14, 1915, P. L. 483; Gray v. Philadelphia & Reading Coal & Iron Co. et al., 286 Pa. 11, 15.

In the instant case the defendants have failed to comply with the provisions of either the Act of 1907, supra, or Equity Rule 48. They first filed an answer joining issue on the merits. Months later they filed an amended answer on the merits, also containing a preliminary objection, but unaccompanied by the required affidavit. Later, 13 months after the bill was filed, they filed a preliminary objection in proper form and accompanied by the necessary affidavit, but filed without leave of court and without cause shown. They must be held to

have waived their right to have the cause certified to the law side and heard by the court and a jury.

### Order

Now, January 30, 1935, the prayer of the defendants that the cause be certified to the law side of the court for trial before the court and a jury is refused.