## Ensminger v. Larkin

*Metzger and Wickersham,* for plaintiff.

*George Kunkel,* for defendant.

SHEELY, P. J., fifty-first judicial district, specially presiding, January 6, 1948.—Plaintiff filed a bill in equity and an amended bill alleging that she was the owner of certain tracts of real estate in the City of Harrisburg; that by deeds dated August 14, 1933, and November 22, 1933, she conveyed the real estate described in said bill to defendant upon his agreement that he would hold said real estate in trust for her and subject to her control; that plaintiff has remained in possession of said real estate but defendant has refused to reconvey it to her. Defendant filed an answer to the amended bill admitting the conveyances to him but alleging that they were made in consideration of services theretofore rendered and thereafter to be rendered by him, and for the accommodation and protection of plaintiff, and in contemplation of plaintiff's marriage to defendant. He denied that there was any agreement whereby he was to hold said real estate in trust.

Testimony was taken before the court and the court makes the following

### Findings of fact

1. Plaintiff and defendant jointly occupy property No. 303 South Front Street, Harrisburg, Pa., as a residence and have so occupied said property since 1930.

2. The real estate involved in this proceeding consists of the various tracts of real estate described in Exhibit A attached to plaintiff's bill with the exception of No. 31 Summit Street, Harrisburg, Pa., which is no longer owned by plaintiff.

3. For a period of years prior to 1933 plaintiff was the owner in fee of the entire title to three properties described in Exhibit A and had an undivided one-fourth interest in the remaining real estate described therein.

4. On August 14, 1933, and November 22, 1933, plaintiff executed two deeds whereby she conveyed all of said real estate to defendant, the said deeds being recorded in Deed Book "H", vol. 23, page 218, and Deed Book "G", vol. 23, page 571.

5. These conveyances were made voluntarily by plaintiff to defendant without consideration and with the oral understanding that plaintiff was to remain .the owner thereof and that defendant would reconvey said properties to plaintiff upon request.

6. On August 17, 1933, defendant executed and delivered to plaintiff a writing referring to the deed of August 14, 1933, in which he stated that the transaction was a business affair and that he had no equity in ·said real estate.

7. The parties hereto were married on July 27, 1934, and were divorced in December 1938.

8. On August 12, 1938, defendant executed a deed to plaintiff for all the properties involved in this proceeding and delivered the same to plaintiff in consideration of plaintiff's withdrawal of a charge of assault and battery pending against him.

9. The deed of August 12, 1938, was voluntarily executed by defendant and was obtained without duress.

10. The deed of August 12, 1938, was not recorded but was retained by plaintiff for a period of time.

11. On ˙June 7, 1939, at the request of plaintiff, defendant executed and delivered a mortgage in the amount of $3,000 covering premises No. 303 South Front Street, Harrisburg, to the Harris Building and Loan Association, which said mortgage remains un-

satisfied and is recorded in Mortgage Book, vol. 21, page 423.

12. The proceeds of said mortgage, together with all rents from the real estate, were paid to plaintiff and plaintiff has paid all taxes, interest, repairs, and reductions on said mortgage.

13. At the time of negotiation of said mortgage the deed of August 12, 1938, was handed to defendant and since that date he has refused to return it to plaintiff, contending that the properties are his and that he should keep said deed for his protection as mortgagor.

14. Defendant states that he has retained said deed because he desires to insure himself a home and means of subsistence in advancing years and failing health and as security for personal services heretofore rendered and hereafter to be rendered by him to plaintiff.

## Discussion

The facts in this case are most unusual. Plaintiff, in an effort to protect herself from loss by reason of encumbrances placed by her brothers on property which they owned jointly, conveyed all of her real estate to defendant. Just how that was to protect her or why it was necessary does not appear. After receiving the deed for the first group of properties defendant executed the statement that he had no equity therein, but no such acknowledgment was made after the deed for the second group of properties was executed. However, defendant did execute a deed reconveying all the properties to plaintiff in consideration of the settlement of the assault and battery charge brought by her against him.

Notwithstanding the fact that the execution of that deed settled all matters between the parties plaintiff did not record the deed, and when she desired to borrow money from a building and loan association she had defendant make the loan and permitted him to represent himself to the building and loan association as

the owner of the properties. No satisfactory explanation is given for that action. At that time defendant demanded that his deed to plaintiff reconveying the properties to her be delivered to him for his protection. He explained that he was afraid he might get into difficulty if he made the mortgage and it was discovered that the properties were in plaintiff's name. Thereafter he refused to turn over the deed or to do anything more about the matter although admittedly plaintiff received the proceeds of the mortgage, collects the rents, pays the taxes and the installments on the mortgage. Apparently defendant believes that by withholding the deed he can force plaintiff to continue maintaining him.

The original transaction between the parties whereby plaintiff conveyed the properties to defendant was the creation of a trust. It was never intended that defendant should acquire any beneficial interest in the properties; he was merely to hold title for plaintiff for her supposed protection. There might be some difficulty about enforcement of the trust because not evidenced in writing were it not for the fact that defendant in his answer virtually admitted the trust when he alleged that the conveyances were made, in part, "for the accommodation of the plaintiff", and that after the first conveyance defendant executed a writing in which he stated that he had no equity in the real estate thereby conveyed. But regardless of the original transaction, the reconveyance of the properties by defendant to plaintiff terminated any supposed interest which he might have had in the properties. Defendant's contention that he signed the deed under duress is not supported by the testimony. While the deed was signed as part of the settlement of the assault and battery charge, defendant signed it willingly and never took steps to avoid it. Moreover, throughout the entire transaction he recognized that plaintiff was the owner of the property and only asked

to have the deed returned to him so that he might be protected in giving the mortgage for her.

The reconveyance by defendant to plaintiff completely terminated the prior trust and gave to plaintiff all that she is now asking. The only difficulty is that defendant has retained possession of the unrecorded deed and has refused to give it to plaintiff. For this she had a remedy at law to compel the recording of the deed, and defendant now insists that this court of equity is without jurisdiction because of the existence of the legal remedy. Unfortunately he did not raise this question in the proper manner and at the proper time. Under Equity Rules 48 and 49 the question of lack of jurisdiction because of the existence of an adequate remedy at law must be raised in limine by an answer raising preliminary objections. In this case defendant did file preliminary objections but did not raise that question. It is too late to raise the question of an adequate remedy at law after an answer on the merits: Borough of Shoemakersville v. Christ, 19 Berks 299, 302 (1926), Borough of Summerhill v. Sherbine, 88 Pa. Superior Ct. 419, 422 (1926). In any event this court would have jurisdiction: Friedline et ux. v. Friedline et al., 275 Pa. 463 (1923).

Defendant further contends that the acceptance by plaintiff of the proceeds of the mortgage evidenced her acquiescence in his retention of the title. The plain fact is, however, that defendant did not retain the title since he completely divested himself of the title by his reconveyance to plaintiff. As the record now stands there is no title whatever in defendant and he is wrongfully withholding possession of plaintiff's deed. Defendant does have an interest, however, which must be protected. He is liable to the building and loan association as mortgagor and, while plaintiff is estopped from denying her liability to the building and loan association, defendant is entitled to be relieved from liability thereon. The court having taken

jurisdiction of the case under proper pleadings will proceed to adjudicate the rights of the parties.

## Conclusions of law

1. Defendant failed to raise the question of an adequate remedy at law in a proper manner and at the proper time by filing preliminary objections to plaintiff's bill, but filed an answer on the merits and proceeded to trial without objection.

2. Plaintiff is the legal owner and is entitled to possession of all the real estate described in Exhibit A with the exception of the property at 31 Summit Street which she no longer owns.

3. Plaintiff is entitled to have redelivered to her the deed dated August 12, 1938, produced at the trial by defendant and offered in evidence as plaintiff's Exhibit No. 3.

4. Plaintiff is liable to the Harris Building and Loan Association for the balance due on the mortgage for $3,000 placed on the property at 303 South Front Street, Harrisburg, by defendant at her request.

5. Defendant is entitled to be relieved of any liability on account of his execution of said mortgage.

6. Defendant has no right, title, or interest in or to any of the real estate in dispute in this case.

7. The cost of this proceeding shall be divided equally between the parties.

## Decree nisi

And now, January 6, 1948, upon consideration of the foregoing case it is ordered and decreed as follows:

1. That the deed from John G. Larkin to Grace S. Ensminger dated August 12, 1938, and introduced in evidence as plaintiff's Exhibit No. 3 be delivered to plaintiff.

2. That plaintiff is the legal owner of all the real estate described in Exhibit A attached to plaintiff's bill and defendant has no right, title, or interest therein.

3. That plaintiff shall within 30 days of the entry of this decree as a final decree, renegotiate the mortgage on property No. 303 South Front Street, or shall secure from the Harris Building and Loan Association a complete release of all liability of defendant thereon.

4. That the cost of this proceeding be divided equally between the parties.

The prothonotary is directed to file the foregoing decree nisi and to give notice thereof to the parties or their counsel of record and to enter said decree as a final decree unless exceptions are filed thereto within 10 days of such notice.